**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ALFREDO MESTRE, JR.** | : | **CIVIL ACTION** |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| | : | |
| **WARDEN GEORGE A. WAGNER** | : | **NO. 11-2191** |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                           **January 31, 2012**

Alfredo Mestre, a state prisoner, filed this *pro se* action[1] under 42 U.S.C. § 1983,
alleging that George Wagner, Warden at Berks County Jail System, violated his Eighth
Amendment right to be free from cruel and unusual punishment by requiring him to eat in
his cell "where there is a toilet."  Wagner has moved to dismiss the complaint for failure to
state a claim, arguing that requiring a prisoner to eat his meals in his cell does not
constitute cruel and unusual punishment.  Additionally, he contends that Mestre has not
alleged any facts that he had personal involvement in the restrictions about which Mestre
complains.

Mestre's complaint, read liberally in deference to his *pro se* status, consists of a
single paragraph alleging a single fact – that he is required to eat his meals in his cell in
close proximity to an uncovered toilet.  He claims this treatment violates "state and federal

---

[1] This action is one of three Mestre has filed in this court alleging constitutional violations while he
had been incarcerated in the Berks County Jail System.  In *Mestre v. Wagner*, C.A. No. 11-2480, he claims
that dietary and day-time mattress restrictions constituted cruel and unusual punishment.  In *Mestre v.
Wagner*, C.A. No. 10-7141, he complains that providing him a diet containing meat and animal by-products
violated his religious beliefs.

regulation[s] and is unsanitary and unhealthy."   Mestre demands "an injunction and $25,000 in compensation."[2]

### Standard of Review

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Although this standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555).

A complaint is subject to dismissal if the plaintiff fails to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).   The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), well-pleaded allegations in the complaint are accepted as true and viewed in

---

[2]   Since the filing of his complaint, Mestre has been transferred to SCI-Camp Hill.  Accordingly, his demand for injunctive relief is moot.  *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) ("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims." (citation omitted)); *Young v. Beard*, No. 10-284, 2011 WL 6372783, at *2 (W.D. Pa. Nov. 28, 2011) ("In the context of prisoner litigation, it is well established that a prisoner-plaintiff's transfer to another institution moots a request for injunctive relief." (citation omitted)).

the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). We may also consider documents attached to the complaint. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the *pro se* plaintiff's pleadings must be considered deferentially, affording him the benefit of the doubt where one exists. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)). With these standards in mind, we have accepted the facts as they appear in Mestre's complaint as true and have drawn all possible inferences from these facts in his favor.

### Discussion

Nothing in the complaint identifies Mestre as a pretrial detainee or a convicted prisoner while housed at the Berks County Jail System. In his response to the motion to dismiss, Mestre discusses his claim under the Eighth Amendment exclusively.

If Mestre was a pretrial detainee, his conditions of confinement claim is analyzed under the Fourteenth Amendment Due Process Clause. *Hubbard v. Taylor*, 399 F.3d 150, 157-58 (3d Cir. 2005) ("*Hubbard I*"). On the other hand, if he was a convicted prisoner, his claim is reviewed under the Eighth Amendment's prohibition on cruel and unusual punishment. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003). Because Mestre is a *pro se* prisoner, and without requiring an amended complaint to allege his custody status, we shall analyze his claim under both the Eighth and the Fourteenth Amendments.

*Eighth Amendment Conditions of Confinement Claim*

The Eighth Amendment proscribes the infliction of cruel and unusual punishment. U.S. Const. amend. VIII.  Prison conditions are cruel and unusual if they deprive inmates of basic human needs and life's necessities.  *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 417-18 (3d Cir. 2000).  The test is whether the conditions, together or alone, function to deprive the inmate "of the minimal civilized measure of life's necessities."  *Id.*

To state a claim challenging conditions of confinement, an inmate must allege facts that would, if proven, establish that the deprivation was objectively serious and the prison official had a sufficiently culpable state of mind.  *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Whether the harm is objectively serious is measured by society's view of the risk to the prisoner's health and safety, that is, "whether 'it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'"  *Betts v. New Castle Youth Dev. Ctr.,* 621 F.3d 249, 257 (3d Cir. 2010) (emphasis omitted) (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)).  Restrictive or harsh conditions are part of prison life.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Only conditions that deprive the prisoner of one of life's necessities, such as  food, water, clothing, shelter, and medical care are unconstitutional.  *Griffin v. Vaughn,* 112 F.3d 703, 709 (3d Cir. 1997).  Thus, unless the condition is objectively serious, there is no unconstitutional deprivation.

A prisoner must also allege facts, not conclusions, showing that a prison official acted with deliberate indifference to the prisoner's health or safety.  *Beers-Capitol,* 256 F.3d at 125.  The prison official must actually have known or been aware that the condition

created an excessive risk to the prisoner's health or safety. *Id.* Actual, not constructive, knowledge is required. A prison official can only be liable under the Eighth Amendment if he actually "knows of and disregards an excessive risk to inmate health or safety." *Id.* at 131 (quoting *Farmer*, 511 U.S. at 837). It is not enough that he should have known. *Id.* at 133.

Mestre has not alleged facts that, if proven, state a cause of action under the Eighth Amendment. His factual allegations do not make out an objectively serious deprivation or a culpable state of mind. Requiring an inmate to eat in his cell where there is a toilet does not "violate[] contemporary standards of decency." *Betts*, 621 F.3d at 257 (quoting *Helling*, 509 U.S. at 36). Mestre's conclusory allegation that this condition is "unsanitary and unhealthy" falls short of adequately alleging that he has been deprived of one of life's necessities. *See Smith v. U.S. Penitentiary Lee*, No. 7:11CV00077, 2011 WL 767165, at *2 (W.D. Va. Feb. 25, 2011) (residing and eating in cell with a toilet that inmate cannot flush after every use does not deprive him of life's necessities). The Constitution "does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. Though a requirement that he eat meals in his cell may be "restrictive" or "harsh," it is merely an element of prison life, not an unconstitutional condition of confinement. *Id.* at 347; *see also Flores v. Wagner*, No. 11-1846, 2011 WL 2681596, at *5 (E.D. Pa. July 8, 2011) (holding identical allegation failed to state a claim under the Eighth Amendment).

Even if requiring Mestre to eat in his cell were an unconstitutional condition of his confinement, he fails to allege Wagner's culpability. Nothing in the complaint tends to show that Wagner "knowingly and unreasonably disregarded an objectively intolerable risk

of harm." *Beers-Capitol*, 256 F.3d at 132 (quoting *Farnmer*, 511 U.S. at 846).  In his response to the motion to dismiss, Mestre does not address Wagner's argument that he fails to allege sufficient facts that could support a claim that Wagner is liable.

Mestre has failed to state a cause of action under the Eighth Amendment.  Thus, we shall now analyze his claim as if he were a pretrial detainee.

*Fourteenth Amendment Conditions of Confinement Claim*

Because one may not be punished prior to conviction and sentencing, the Due Process Clause prohibits prison officials from imposing conditions that amount to punishment of a pretrial detainee.  *Hubbard I*, 399 F.3d at 158.  Accordingly, pretrial detainees are afforded greater constitutional protection under the Fourteenth Amendment than that provided to convicted prisoners under the Eighth Amendment.  *Id.* at 167 n.23 (citation omitted).

In determining whether a pretrial condition rises to the level of punishment, we examine whether it is imposed for the purpose of punishment or is "an incident of some other legitimate governmental purpose."  *Id.* at 158 (quoting *Bell v. Wolfish*, 441 U.S. 520, 538-39 (1979)).  Undoubtedly, there will rarely be an expressed intent to punish. Consequently, we must analyze both whether the condition is reasonably related to a legitimate government purpose and whether it is excessive in relation to that purpose. *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008) ("*Hubbard II*") (quoting *Union Cnty. Jail Inmates v. Di Buono*, 713 F.2d 984, 992 (3d Cir. 1983))*.*

Given this framework, we engage in a two-step inquiry to determine whether a pretrial detainee's confinement conditions violate his substantive due process rights.  *Bell*,

441 U.S. at 538.  First, we ask whether the conditions serve any legitimate purpose.[3]

*Hubbard II*, 538 F.3d at 232 (quoting *Union Cnty. Jail Inmates*, 713 F.2d at 992).  Second,

if so, we determine whether the conditions are rationally related to that purpose.  *Id.*

(quoting *Union Cnty. Jail Inmates*, 713 F.2d at 992).

Mestre has not alleged that serving him meals in his cell was punitive or was not

necessary to management of the prison.  *See Bell*, 441 U.S. at 540.  Whether the Berks

County Jail System serves meals to pretrial detainees in their cells due to limited space in

common dining areas or for security reasons, the practice serves a legitimate purpose.

Managing overcrowding, *Hubbard II*, 538 F.3d at 233, and maintaining security are

legitimate purposes.  *See Bell*, 441 U.S. at 540 ("Restraints that are reasonably related to

the institution's interest in maintaining jail security do not, without more, constitute

unconstitutional punishment, even if they are discomforting and are restrictions that the

detainee would not have experienced had he been released while awaiting trial.").  Serving

Mestre meals in his cell was rationally related to – and not excessive when viewed in light

of – either purpose.  *Cf. Hubbard II*, 538 F.3d at 233-35 (housing three detainees in cells

designed for two, thus forcing the third detainee to sleep on a mattress on the floor, usually

for three to seven months, was not excessive to the purpose of managing overcrowding).

Therefore, as other courts have held, we conclude that serving a pretrial detainee meals

---

[3] If the condition has no valid purpose related to managing and maintaining order and security, one may infer that it was intended as punishment.

in a cell that has a toilet does not violate the Due Process Clause of the Fourteenth Amendment.[4]

As with his Eighth Amendment claim, Mestre does not allege that Wagner had any personal involvement in requiring him to eat in his cell where there is a toilet. The only reference to Wagner in the complaint is that the inmate handbook advises that an appeal in the grievance process may be taken to Wagner as warden. Mestre acknowledged in the complaint that he did not take this step. Thus, there is no basis for any cause of action against Wagner.

**Conclusion**

Mestre has not stated an unconstitutional conditions of confinement cause of action under either the Eighth or Fourteenth Amendments. Nor has he alleged any facts that could make out a claim against Wagner. Therefore, the motion to dismiss will be granted.[5]

---

[4] *See Detainees of the Brooklyn House of Det. for Men v. Malcolm*, 520 F.2d 392, 396 n.3 (2d Cir. 1975) (requiring inmates to eat in cells that contain a toilet does not violate the Fourteenth Amendment's Due Process Clause (citation omitted)); *Kinser v. Cnty. of San Bernardino*, No. 11-0718, 2011 WL 4801899, at *4 (C.D. Cal. Aug. 25, 2011) (citing cases and holding that pretrial detainee's allegations that she has been confined to her cell more than 22 hours a day and that she had to eat all her meals in her cell near her toilet did not state a Fourteenth Amendment conditions of confinement claim), *mag. rep. accepted and adopted*, 2011 WL 4802350; *Milton v. Gusman*, No. 10-3309, 2010 WL 5376117, at *2 (E.D. La. Dec. 20, 2010) (citing cases and holding that inmate's claim that he is "forced to eat in the vicinity of toilets does not, by itself, constitute a constitutional violation"); *Kelly v. Gusman*, No. 07-611, 2007 WL 2007992, at *3 (E.D. La. July 5, 2007) (holding pretrial detainee's complaint of "dirty blankets and an in-cell toilet near areas used for eating and sleeping [] fall well-short" of Fourteenth Amendment violations); *cf. McErlean v. Merline*, No. 07-5681, 2011 WL 540871, at *10 (D.N.J. Feb. 8, 2011) (holding that there is no clearly established right for pretrial detainee to be free from sleeping and eating on a floor mattress near the toilet).

[5] Because amendment would be futile, leave to amend the complaint will not be granted.